C. D. CONSTRUCTION CORPORATION,
Appellant,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Appellee.

No. 71–1321.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1971.

Decided Nov. 30, 1971.

George T. Altman, Beverly Hills, Cal.
(Stanley H. Wilen, Baltimore, Md., on
brief), for appellant.

Richard Farber, Atty., Dept. of Justice
(Johnnie M. Walters, Asst. Atty. Gen.,
Meyer Rothwacks, Richard W. Perkins,
Attys., Dept. of Justice, on brief), for
appellee.

Before BOREMAN, Senior Circuit
Judge, and CRAVEN and RUSSELL, Cir-
cuit Judges.

CRAVEN, Circuit Judge:

This is an appeal from a decision of the
Tax Court that C. D. Construction Corpo-
ration is liable as a transferee for un-
paid federal income taxes of Charles
Town Corporation under 26 U.S.C.A. §
6901(a) (1) (A) (i).[1] We affirm.

---

1. 26 U.S.C.A. § 6901(a) (1) (A) (i):
   (a) Method of collection.—The amounts
   of the following liabilities shall, except
   as hereinafter in this section provided,

be assessed, paid, and collected in the
same manner and subject to the same pro-
visions and limitations as in the case of

Briefly, the facts are these:[2] Charles Town is an empty corporate shell and owes back income taxes for the years 1958 and 1959 in the total amount of $375,984.50. Charles Town was incorporated under the laws of West Virginia and issued 100 shares of common stock for a total consideration of $1,000. Charles Town operated two horse racing meets in West Virginia, one in the summer of 1958 and one in the winter of 1958–1959, with funds supplied by Fairmount Steel Corporation. Fairmount had agreed by contracts to advance to Charles Town all of the funds necessary for the operation of the meets and to bear any resulting losses in return for receiving 90 percent of the profits from the meets. Fairmount's advances to Charles Town were not evidenced by any notes or other debt instruments, were made without security, were made without agreement as to a repayment date, and were not repayable at all to the extent that losses were incurred in the meets. In 1958 and 1959 Fairmount was reimbursed for its advances of $986,525 and received 90 percent of the racing profits, $732,299.86. On June 30, 1962, Fairmount liquidated, transferring without consideration its assets of $253,-394.40 to C. D. Construction. The parties agree that C. D. Construction is liable as a transferee under 26 U.S.C.A. § 6901(a) (1) (A) (i) for the unpaid income taxes of Charles Town (to the extent of the assets it received from Fairmount) if Fairmount was liable as a transferee under 26 U.S.C.A. § 6901(a) (1) (A) (i) because of having received the racing proceeds generated by Charles Town.[3] The Tax Court held that Fairmount was liable, and, therefore, that C. D. Construction is liable for Charles Town's unpaid taxes to the extent of $253,394.40.

■ The Tax Court correctly found that Fairmount was in substance a stockholder of Charles Town and, by implication, that the transfer of racing proceeds from Charles Town to Fairmount was a corporate distribution. Fairmount, therefore, was liable for Charles Town's taxes "in equity" under 26 U.S.C.A. § 6901 (a) (1) (A) (i):

[T]he parties * * * lost sight of the universal rule. Under it stockholders in dissolution are not ordinary transferees of corporate property as might, for example, be the case of a purchaser of a specific piece of its property as to whom a conveyance carries a quasi in rem liability only when in fraud of creditors. Stockholders in distribution have not purchased property. They receive only an aliquot share of property. The right to receive it flows from the accumulation of it in excess of the obligations owed and by which assets, in this or other forms, have been accumulated. Such stockholders receiving property in distribution hold it subject to pro rata liabilities of the corporation. [Citations omitted.] The stockholders hold what they get subject to an equitable lien. "The capital and assets of a cor-

---

the taxes with respect to which the liabilities were incurred:

  (1) Income, estate, and gift taxes.—
  (A) Transferees.—The liability, at law or in equity, of a transferee of property—
  (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes). * * *

2. For a full factual background of this dispute see Charles Town, Inc. v. Commissioner of Internal Revenue, 372 F.2d 415 (4th Cir.), cert. denied, 389 U.S. 841, 88 S.Ct. 69, 19 L.Ed.2d 104 (1967).

3. C. D. Construction received the assets of Fairmount without consideration and would, therefore, be liable "in law" under 26 U.S.C.A. § 6901(a) (1) (A) (i), supra n. 1, by operation of W.Va.Code Ann. § 40-1-3:

  § 40-1-3. Voluntary transfers or charges.

  Every transfer or charge which is not upon consideration deemed valuable in law shall be void as to creditors whose debts shall have been contracted at the time it was made; but shall not, upon that account merely, be void as to creditors whose debts shall have been con-

poration constitute a trust fund, for the benefit and security of its creditors, and it is fundamental that stockholders, stripping a corporation of its assets, succeed as transferees to its tax liability. [Citations omitted.]" It is, then, by an ageless principle a liability imposed "in equity," * * *

Neill v. Phinney, 245 F.2d 645, 651–52 (5th Cir. 1957).

■ Fairmount was also liable for Charles Town's taxes "at law" under 26 U.S.C.A. § 6901(a) (1) (A) (i). According to the applicable West Virginia statute,[4] Fairmount was liable for Charles Town's taxes if the transfer of the racing proceeds was "not upon consideration deemed valuable in law." There was no consideration for the transfer. Fairmount's assumption of the risk of loss was not consideration within the meaning of the statute; it was simply a risk that is borne by every stockholder to the extent of his investment. Fairmount's right to receive 90 per cent of the racing profits was not consideration for the use of the money advanced as it would have been had the advances to Charles Town been loans. The right was reasonably viewed by the Tax Court as a right to receive dividends based on capital contribution. Because Fairmount was a stockholder, its right to *any* corporate income was subject to the corporation's liabilities, including the government's claim for taxes due on the income.

For the reasons stated above and for the further reasons stated in the decision of the Tax Court, T. C. Mem. 1970–297, (1970), the judgment below is

Affirmed.

tracted, or as to purchasers who shall have purchased, after it was made; and though it be decreed to be void as to a prior creditor because voluntary, it shall not for that cause be decreed to be void as to subsequent creditors or purchasers.

4. Set out in note 3 *supra*.